**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

SOCA IMAGING, INC.,                                Case No. 10-11265-JKO
NAVIX IMAGING, INC.                              Chapter 7 Cases
                                                                        (Jointly Administered)
        Debtors.
_____/

LESLIE S. OSBORNE, CHAPTER 7 TRUSTEE;

                                                                        Adv. No. 10-03600-JKO-A

       v.

MILES GILMAN
    and
SOCA SERVICES, INC.

        Defendants.
_____

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

        Leslie S. Osborne (the "Trustee" or "Plaintiff"), the duly appointed and acting Chapter 7 Trustee for the bankruptcy estates of Soca Imaging, Inc. and Navix Imaging, Inc. (each, a "Debtor", and collectively, the "Debtors"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 65(b), incorporated herein pursuant to Fed. R. Bankr. P. 7065, and 11 U.S.C. § 105(a), files this *Motion for Preliminary Injunction*, and states as follows:

#### I.    JURISDICTION AND VENUE

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding to which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A) and (O).

2.     This adversary proceeding arises in and is related to the jointly administered bankruptcy cases of *In re Soca Imaging, Inc.* and *In re Navix Imaging, Inc.*, lead Case No. 10-11265-JKO, now pending before this Court.

## II.     BACKGROUND

3.     On September 16, 2010, and pursuant to this Court's *Order Extending With Consent Temporary Restraining Order* entered August 25, 2010 (D.E. 384), Plaintiff filed his *Adversary Complaint Against Miles Gilman and Soca Services, Inc.* (the "Complaint") seeking injunctive relief against the above-captioned defendants (the "Defendants").

4.     The adversary proceeding filed in this Court and the instant motion for preliminary injunctive relief are intended to protect assets of the Debtors' estates from wrongful actions by the Defendants.

## III.     SUMMARY OF FACTS IN THE COMPLAINT

5.     On January 21, 2010 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions under Chapter 11, title 11, of the United States Bankruptcy Code (the "Bankruptcy Code").

6.     The Debtors' cases are being jointly administered. No official committee of unsecured creditors has been appointed.

7.     On April 20, 2010, the Office of the United States Trustee filed its *Emergency Motion for the Appointment of a Chapter 11 Trustee* (D.E. 164), which was granted on April 27, 2010 pursuant to this Court's *Order Granting United States Trustee's Motion Emergency Motion for an Appointment of a Chapter 11 Trustee* (D.E. 190). Subsequently, on April 29, 2010, pursuant to this Court's *Order Approving Selection of Trustee* (D.E. 201), Plaintiff was appointed the Chapter 11 Trustee.

8. The Debtors operated five (5) medical diagnostic centers (the "Centers") throughout the State of Florida; specifically, in Coral Springs, Kissimmee, Lake Mary, Punta Gorda, and Port Charlotte.

9. All the Centers have been sold. Two of the Centers, located in Coral Springs and Kissimmee, have been sold to Inmed Diagnostic Services of SC, LLC ("Inmed"). On June 18, 2010, the Trustee sold the Lake Mary location to Miles Gilman, and on June 29, 2010, the Trustee sold the remaining Centers (the Punta Gorda and Port Charlotte locations) to Southwest Florida Regional Imaging II, LLC. ("Southwest").

10. At the June 29, 2010 hearing on the sale motion for the Punta Gorda and Port Charlotte locations, the Trustee advised the Court that the Debtors were claiming an interest in all servers and software utilized by the Debtors in the operation of the Centers, especially the servers located in Punta Gorda and at the Terremark Worldwide, Inc. ("Terremark") facility located in Miami, Florida (for ease of reference, all servers and software for which the Debtors' billing, collection, imaging scans, patient medical records, and other business records are stored, utilized, processed, or otherwise managed shall be referred to herein as the "Servers").

11. Also on June 29, 2010, the Trustee filed an *Emergency Ex Parte Motion for Temporary Restraining Order* (D.E. 297) (the "Emergency Motion") against Miles Gilman, Soca Services, Inc., or any related entities, on the basis that such parties might shutdown or restrict the Debtors' or the Centers' purchasers' access to the Servers.

12. By Order entered on June 30, 2010 (D.E. 299), the Court granted the Emergency Motion and enjoined Miles Gilman, Soca Services, or any related entities from shutting down or restricting access to the Servers by the Debtors or the Centers' purchasers for fourteen (14) days.

13. By Order entered on July 8, 2010 (D.E. 314), the temporary restraining order issued on June 30, 2010 was extended to August 9, 2010 with the consent of the affected parties.

14. By Order entered on August 25, 2010 (D.E. 384), the temporary restraining order was further extended to September 22, 2010 with the consent of the affected parties. Such order also required the Trustee to pay Soca Services, Inc. adequate protection payments in the amount of $10,000 for the month of August 2010, and in the amount of $7,500 for the partial month of September up to September 22, 2010 if the Trustee did not voluntarily dissolve the temporary restraining order by September 1, 2010. Moreover, the order directed the Trustee to file an adversary proceeding and a motion therein seeking an injunction by September 16, 2010.

15. On August 23, the Trustee filed a motion to convert the Debtors' cases to Chapter 7 (D.E. 381), stating that because all the Centers had been sold, there is no reasonable likelihood of rehabilitation. An order was entered on September 3, 2010 (D.E. No. 440), converting this case to Chapter 7. In addition, Plaintiff was appointed to serve as the Chapter 7 Trustee.

16. Defendant Miles Gilman ("Gilman") is the former sole owner and principal of the Debtors.

17. Defendant Soca Servicing, Inc. ("SSI") was set up by Gilman in 2004 as a company separate from the Debtors to purportedly act as an independent contractor to provide administrative and data processing support services to the Centers. Gilman controlled both Debtors, as well as SSI.

### IV.    GROUNDS FOR REQUESTED PRELIMINARY INJUNCTION

18. The Servers are the subject of a dispute regarding ownership as between the Debtors and SSI.

19.     Pending resolution of this ownership dispute, Gilman and SSI should not be permitted to shut down or restrict access to the Servers (whether onsite or located at Terremark) by the Debtors or the Centers' purchasers.  The shutting down or restriction of access to the Servers by the Debtors or the Centers' purchasers would directly affect the continuity of patient care, adversely affect the overall operation of the Centers, and ultimately have a negative impact on the liquidation by the Trustee of the estates' accounts receivable.

20.     This Court may grant an applicant's request for a temporary restraining order or preliminary injunction if the requesting party indicates that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) the movant will suffer irreparable harm unless the injunction is granted; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4) the injunction, if granted, would not be adverse to public interest, and (5) there is no adequate remedy at law. *See In re Trafford Distributing Center, Inc.*, 414 B.R. 849 (Bankr. S.D.Fla., 2009); *see also Infinity Radio, Inc. v. Whitby*, 780 So. 2d 248 (Fla. 4th DCA 2001); *State Agency for Health Care Admin. V. Continental Car Services, Inc.*, 650 So. 2d 173 (Fla. 2d DCA 1995).

21.     <u>Substantial Likelihood of Success on the Merits</u>.  Based on the financial records of the Debtors, including copies of invoices and checks, the Trustee believes that there is a substantial likelihood that the Trustee will succeed in proving that the Servers belong to the Debtors.

22.     <u>Irreparable Harm</u>.  As set forth above, the Trustee believes that the Debtors' estates will suffer irreparable harm unless an injunction is granted.  Specifically, the continuity of patient care, the overall operation of the Centers, and ultimately the liquidation of the accounts

receivable of the estates will be adversely and permanently affected if access to the Servers is denied.

23. <u>Threatened Injury to Plaintiff Outweighs Damage to Defendants</u>.  The threatened injury to the Debtors and the Centers' purchasers outweighs whatever damage the proposed injunction may cause Gilman or SSI.  The only possible harm to the Defendants is financial and is not irreparable harm (or harm that is greater than the injury that will occur to the Debtors and the Centers' purchasers if the injunction is not issued), since the Defendants may seek payment of potential fees for its services as an administrative claim or as adequate protection.

24. <u>No Disservice to the Public Interest</u>.  The issuance of an injunction as requested herein is not adverse to the public interest and is actually in the best interest of the public, since continuity of patient care will be maintained.

25. <u>No Adequate Remedy at Law</u>.  There is no adequate remedy at law, and the injunction is needed to prevent permanent harm to the Debtors' estates, the public, and the Centers' purchasers.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order preliminarily enjoining the Defendants from shutting down or restricting access to the Servers by the Debtors or the Centers' purchasers, and awarding such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Electronic Mail through the Court's CM/ECF System to those parties who are registered users and via First Class U.S. Mail to **Francis L. Carter, Esq**., Attorney for Defendants, 2699 S. Bayshore Drive, 7th Floor, Miami, FL 33133 on this 16th day of September, 2010.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Dated: September 16, 2010

                                          Respectfully submitted,

                                          BERGER SINGERMAN, P.A.
                                          *Counsel for the Trustee*
                                          350 East Las Olas Blvd, Suite 1000
                                          Fort Lauderdale, FL 33301
                                          Telephone No. (954) 525-9900
                                          Facsimile No. (954) 523-2872

                                          By: ___*/s/ Leslie Gern Cloyd*_____
                                                 Leslie Gern Cloyd
                                                 Florida Bar No. 303305
                                                 lcloyd@bergersingerman.com